UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LONDARR WARD,

    Plaintiff,

v.

JOHN DOE #3, C.O. RODRIGUEZ,
KOZLOWSKI, and KRAJEWSKI,

    Defendants.

22-CV-6497-FPG

ORDER

---

## INTRODUCTION

*Pro se* Plaintiff Londarr Ward ("Plaintiff"), a pretrial detainee currently incarcerated at Erie County Correctional Facility ("ECCF"), filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Upon screening of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, his claim was dismissed with leave to file a second amended complaint. ECF No. 7. Plaintiff timely filed an Amended Complaint. ECF No. 8.

For the reasons below, Plaintiff's excessive force claim against Defendants Rodriguez, Kozlowski, Krajewski and John Doe may proceed to service, but the remaining claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which

1

relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I. THE COMPLAINT

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Wynder v. McMahon*, 360 F.3d 73, 79 n. 11 (2d Cir. 2004).

The following recitation of facts are taken from the Amended Complaint, the original Complaint, and attached documents. On September 27, 2022, Plaintiff fought with his attorney in the ECCF visiting room, during which he punched his attorney in the head with a closed fist at

least four times. ECF No. 1 at 11-13.[1] After a response team arrived, Plaintiff was cooperative and did not resist authority. ECF No. 8 at 11. However, Defendant Rodriguez placed handcuffs on Plaintiff in a manner that caused cutting, bruising, soreness and numbness in his hands and wrists. *Id.* John Doe #3 was unnecessarily rough when he put handcuffs on Plaintiff, causing injury. *Id.* at 3.

When Plaintiff told Rodriguez the handcuffs were too tight, Rodriguez said he did not care and tightened the handcuffs. *Id.* at 11. Rodriguez then bent and twisted Plaintiff's fingers and wrists. *Id.* Kozlowski also bent Plaintiff's hands. *Id.* at 2.

The response team threw Plaintiff on the floor and jumped on him, causing additional pain, bruising and cutting. *Id.* at 11, 13. Plaintiff alleges that Defendants suffocated him and interfered with his breathing. *Id.* at 13. Plaintiff submitted a grievance in which he complained about the encounter. *Id.* at 15. Plaintiff's grievance related to this incident and all related appeals were denied. *Id.* at 7.

Plaintiff claims "very bad permanent and lasting soreness, pain, and numbness to my back, wrists, and hands that won't go away and [has] been there for 6 months." *Id.* at 5. Plaintiff also alleges that he has experienced loss of motion, and all of these symptoms have required "continuous trips to medical." *Id.*

## II.    SECTION 1983 CLAIMS

---

[1] The Court's review of Plaintiff's claims includes documents related to a grievance that he attached to the original Complaint. *See Cooper v. Dennison*, No. 08-CV-6238 CJS, 2011 WL 1118685, at *1 (W.D.N.Y. Mar. 24, 2011) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). A court may consider exhibits attached to an original complaint where the plaintiff omitted them from a subsequent complaint in a blatant effort to change his statement of the facts. *See James v. Gage*, No. 15-CV-106 (KMK), 2019 WL 1429520, at *7 (S.D.N.Y. Mar. 29, 2019) (collecting cases).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that official's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A.    Excessive Force

The Court's first screening order dismissed Plaintiff's excessive force claim because it brought a conclusory allegation of injury, and documentation attached to the original Complaint indicated that Plaintiff sustained no more than *de minimis* injury. ECF No. 7 at 7. However, the Court granted Plaintiff leave to amend the Complaint, and the Amended Complaint includes sufficient allegations of injury, for the reasons explained below.

"To succeed in an excessive force claim under the Fourteenth Amendment, a pre-trial detainee like [Plaintiff] 'must show only that the force purposely or knowingly used against him

4

was objectively unreasonable.'" *Johnson v. Turnbill*, 715 Fed. App'x 84, 85 (2d Cir. 2018) (summary order) (quoting the "objective unreasonableness" standard set forth in *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015), and applying it to a claim that the use of tight handcuffs constituted excessive force). In *Johnson*, the Court recognized "that excessively tight handcuffing that causes injury can constitute excessive force." *Id*. at 85 (alteration omitted) (quoting *Shamir v. City of New York*, 804 F.3d 553, 557 (2d Cir. 2015)). "In determining whether officers applied handcuffs reasonably, courts 'consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of *injury to the wrists*.'" *Ali v. Ramos*, No. 16-CV-01994 (ALC), 2018 WL 1353210, at *5 (S.D.N.Y. Mar. 14, 2018) (quoting *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008)).

When considering the injury to a pretrial detainee, "[t]here is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Lynch*, 567 F. Supp. 2d at 468 (collecting cases). "*De minimis* injuries from handcuffing such as numbness or inflammation are insufficient to state an excessive force claim." *McGarrell v. Arias*, No. 18 Civ. 2273 (GBD)(HBP), 2019 WL 2528370, at *4 (S.D.N.Y. March 1, 2019), *report and recommendation adopted*, 2019 WL 2528370 (S.D.N.Y. Mar. 19, 2019) (holding that a pretrial detainee failed to state an excessive force claim, where he sustained only minor injuries after being handcuffed for a short period of time); *see also Johnson v. City of New York*, No. 18-CV-5623 (ALC), 2020 WL 3100197, at *3 (S.D.N.Y. June 11, 2020) (noting that "[i]t is well established that 'brief numbness' is not sufficient to sustain an unreasonable handcuffing claim.") (quoting *Hamlett v. Town of Greenburgh*, No. 05 Civ. 3215 (MDF), 2007 WL 119291, at *3 (S.D.N.Y. Jan. 17, 2007).

The Amended Complaint alleges that Rodriguez, Kozlowski, and John Doe #3 injured him when they placed handcuffs on him that were too tight. ECF No. 8 at 3, 11. He further alleges that when he complained of pain caused by the handcuffs, Rodriguez told him he did not care. *Id.* at 11. Plaintiff claims that he continues to experience substantial soreness, pain, numbness, and loss of motion in his wrists and hands. ECF No. 8 at 5. Because Plaintiff alleges that these symptoms have lasted for more than five months after the use of force in September 2022, he sufficiently alleges that he is experiencing more than "temporary discomfort," *Lynch*, 567 F. Supp. 2d at 468, or *"de minimis* injury," *Johnson*, 2020 WL 3100197, at *3.

In addition, Plaintiff asserts that he has experienced months of back pain and that Defendants suffocated him and stopped him from breathing on September 27, 2022. ECF No. 8 at 5, 13. "In assessing a claim of excessive force, courts ask 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them.'" *Lombardo v. City of St. Louis*, 141 S.Ct. 2239, 2241 (2021) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). This inquiry requires consideration of factors such as

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (vacating summary judgment entered in favor of officers whose efforts to subdue a pretrial detainee allegedly led to his suffocation and death) (quoting *Kingsley*, 576 U.S. at 397). At this early stage of the proceedings, Plaintiff has sufficiently alleged that use of force resulting in his suffocation and months of back of pain was objectively unreasonable. *See Pizarro v. Ponte*, No. 17 Civ. 4412 (LGS), 2019 WL 568875, at *7 (S.D.N.Y. Feb. 11, 2019) (denying defendants' motion for summary judgment on inmate's claim that force used by officers, including putting him in a chokehold, was excessive); *Burch v. City of New York*, No. 11-CV-2841 (CBA) (VMS), 2016

6

WL 11430773, at *10 (E.D.N.Y. Apr. 22, 2016) (denying defendants' motion for summary judgment on excessive force claim alleging that officers caused a detainee's death by placing him facedown in handcuffs, with one officer's knee on his back and another officer's knee on his neck, while the detainee complained that he could not breathe).

Plaintiff's allegations that Defendants suffocated him and placed him in handcuffs that were too tight are sufficient for his excessive force claim to proceed to service. In addition, Plaintiff sufficiently alleges the personal involvement of each Defendant in the events on September 27, 2022, which caused his injuries.

### B. Previously Dismissed Claims

Plaintiff's official-capacity claims and claims against the Erie County Sheriff and the Erie County Executive were dismissed with leave to amend in the first screening order. ECF No. 7 at 8. Plaintiff does not replead these claims or name the Erie County Sheriff or the Erie County Executive as Defendants in the Amended Complaint; therefore, the Court deems these claims abandoned. *See Ping Tou Bian v. Taylor*, 23 Fed. App'x 75, 77 (2d Cir. 2001) (summary order) ("It is well-established that 'an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Harris v. City of New York*, 186 F.3d 242, 249 (2d Cir. 1999))); *Vargas v. Mott*, No. 21-CV-6165-DGL-MJP, 2022 WL 3236744, at *2 (W.D.N.Y. July 13, 2022), *report and recommendation adopted by* 2022 WL 3229844 (W.D.N.Y. Aug. 10, 2022), (noting that "when a pro se party has been expressly warned that the amended pleading will replace the original, the party abandons any claims not incorporated into the amended pleading.").

### III. *VALENTIN* ORDER

The Amended Complaint identifies John Doe #3, Correction Officer as a Defendant. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that

7

the Erie County Attorney's Office ascertain the full name of the John Doe Defendant that Plaintiff seeks to sue. The Court also requests the Erie County Attorney's Office provide the address at which John Doe #3 may be served. The Erie County Attorney's Office need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve John Doe #3 as instructed by the Second Circuit in *Valentin*.

The Erie County Attorney's Office is hereby directed to produce the information specified above regarding the identify of John Doe #3 within **30 days** of the date of the entry of this Order. The information shall be forwarded to the Court's *Pro Se* Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614. When this information is provided, Plaintiff's Amended Complaint shall be deemed amended to reflect the full name of John Doe #3, summonses shall issue, and the Court directs service on this Defendant.

## ORDER

IT HEREBY IS ORDERED that the Erie County Attorney's Office shall provide the Court with the name and address of John Doe #3—or a written statement of reasons why such identification is improper or impossible—**within 30 days of the date of this Order**; and it is further

ORDERED that the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Amended Complaint and this Order upon Defendants Rodriguez, Kozlowski, Krajewski, and John Doe #3, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[2] and it is further

---

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgement of Receipt of Service by Mail Form within 30 days of receipt of the summons and amended complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

ORDERED, that upon service, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to answer the Amended Complaint; and it is further

ORDERED, that the Clerk of Court is directed to forward a copy of this Order by mail to the Erie County Attorney, Edward A. Rath County Office Building, 95 Franklin Street, Rm 1634, Buffalo, New York 14202.

SO ORDERED.

Dated: April 19, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York