UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LONDARR WARD,

                             Plaintiff,         Case # 22-CV-6497-FPG

v.                                                      DECISION AND ORDER

C.O. RODRIGUEZ, et al.,

                             Defendants.

Plaintiff Londarr Ward, *pro se*, brings this civil rights action against Defendants Michael Walker, Jason Puleo, Edwin Burgos, David Hyrn, and Primitivo Rodriguez. ECF No. 8. Currently before the Court is Plaintiff's motion to "dismiss [D]efendants['] motion to dismiss," ECF No. 28, and motion for summary judgment, ECF No. 30. Defendants oppose both motions. ECF No. 33. Plaintiff has not replied. For the reasons that follow, the motion to dismiss the motion is DENIED AS MOOT and the motion for summary judgment is DENIED WITHOUT PREJUDICE to refiling upon the completion of discovery.

Plaintiff first moves to "dismiss the [D]efendants['] motion to dismiss and for a[n] order permitting the . . . complaints to continue to proceed."[1] ECF No. 28 at 2. He argues that Defendant's motion to dismiss should be discarded because the arguments within—namely, that Plaintiff fails to state a claim and Defendants are shielded by qualified immunity—are meritless. *Id*. at 1-2. He further argues that Defendants err in arguing that Plaintiff did not exhaust his administrative remedies and Plaintiff's complaint is untimely. *Id*. at 2. In short, Plaintiff argues

---

[1] Plaintiff also mentions his desire for appointment of counsel "only in this motion to dismiss the [Defendants'] motion to dismiss." ECF No. 28 at 2. Whether Plaintiff intends this as a general request for appointment of counsel is not clear, but the Court has already denied appointment of counsel because of the early stage of litigation and Plaintiff not having demonstrated any particular need for an attorney. ECF No. 27. The Court gave Plaintiff leave to renew his motion "after discovery commences or upon the filing by Defendants of a motion to dismiss or for summary judgment." *Id*. at 3. The situation has not changed since the prior order. Therefore, to the extent that Plaintiff moves for appointment of counsel, his request is DENIED.

1

that Defendants' motion to dismiss should be denied. Plaintiff's motion is undercut by one inconvenient fact, however: Defendants have not filed a motion to dismiss.

It is not obvious to what document Plaintiff refers, or what exactly he seeks to have dismissed. Not only have Defendants not filed a motion to dismiss, but they have not filed any motions since this action began. Indeed, the only substantive document Defendants *had* filed prior to the instant motion was their answer to Plaintiff's amended complaint. *See* ECF No. 23. If Plaintiff wishes to dismiss Defendants' answer, however, he cites no authority that would permit the Court to do so, nor has he provided any arguments as to why it should be done. In light of this, Plaintiff's motion to dismiss the "motion to dismiss" is DENIED AS MOOT.

Plaintiff's motion for summary judgment is also faulty. While the Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), no party should be "unjustly deprived of [their] ability to meet [its] burden of production" at summary judgment. *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Instead, the nonmoving party is entitled to "'the opportunity to discover information that is essential to [its] opposition' to the motion for summary judgment." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Accordingly, "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016); *see also Muhammad v. Annucci*, No. 22-CV-6025, 2024 WL 945226, at *1 (W.D.N.Y. Mar. 5, 2024) (denying summary judgment where discovery had "not yet begun"); *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have a fully adequate opportunity for discovery." (internal quotation marks omitted)).

Plaintiff's motion for summary judgment is premature. Discovery has not yet commenced—the nonmoving parties, Defendants, have only recently filed their answer. ECF No. 23. As Defendants point out, no "discovery demands or responses [have] been exchanged." ECF No. 33-1 at 5. Defendants have not yet had the opportunity to discover any of the information necessary to litigate a summary judgment motion. Accordingly, "discovery over relevant matters" remains incomplete, *Toussie*, 213 F. Supp. 3d at 445, and Plaintiff's motion for summary judgment is premature.

Moreover, the Court notes that Plaintiff has failed to comply with the Local Rules of Civil Procedure. Although Plaintiff, as a *pro se* litigant, should be "granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F. 3d 206, 209 (2d Cir. 2001), he must nevertheless comply with the Local Rules, *see* Loc. R. Civ. P. 5.2(i) ("All *pro se* litigants shall become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure"). Here, Plaintiff has not filed a notice of motion as required by Local Rule of Civil Procedure 7(a)(1). Nor has he complied with Local Rule 56(a)(1), which requires a party moving for summary judgment to annex to his notice of motion "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Loc. R. Civ. P. 56(a)(1). Should Plaintiff refile his motion for summary judgment, he must comply with these requirements.

In sum, Plaintiff's motion to dismiss (ECF No. 28) is DENIED AS MOOT, and the motion for summary judgment (ECF No. 30) is DENIED WITHOUT PREJUDICE to refiling upon the close of discovery.

IT IS SO ORDERED.

Dated: January 21, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York