UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LONDARR WARD,

                                        Plaintiff,

      v.

PRIMITIVO RODRIGUEZ, *et al.*,

                                        Defendants
_____

**DECISION AND ORDER**

6:22-CV-06497 FPG CDH

## BACKGROUND

Plaintiff Londarr Ward ("Plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, asserts a claim of excessive force under 42 U.S.C. § 1983 against defendants Primitivo Rodriguez, Michael Walker, Jason Puleo, Edwin Burgos, and David Hryn (collectively "Defendants"), for injuries he allegedly sustained while being held in the Erie County Correctional Facility ("ECCF"). (*See* Dkt. 9 at 1-3; Dkt. 17 at 3). Plaintiff specifically alleges that, following a disagreement with his former attorney on September 27, 2022, Defendants assaulted and restrained Plaintiff in a manner that caused him serious injury. (Dkt. 17 at 11-12).

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 36). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order.

Currently pending before the Court are three motions filed by Plaintiff. First, Plaintiff has filed a motion "for a subpoena" or, in the alternative, to compel the Erie County Sheriff's Office to produce certain discovery materials pursuant to Federal Rule of Civil Procedure 37. (Dkt. 45 at 3). Second, Plaintiff has filed a motion for appointed counsel. (Dkt. 49). Finally, Plaintiff has filed a motion requesting that the Court order Defendants to produce certain discovery materials. (Dkt. 50). Defendants have not responded to any of these motions, and the deadline for doing so has passed as to each. For the reasons that follow, Plaintiff's motion for a subpoena or to compel (Dkt. 45) and motion for appointed counsel (Dkt. 49) are denied without prejudice. Plaintiff's motion to produce (Dkt. 50) is resolved as set forth below.

## DISCUSSION

### I.  Plaintiff's Motion for a Subpoena or to Compel

Plaintiff's first motion seeks "either a request for a subpoena or a[n] order to compel[] disclosure upon the Erie County Sheriff[']s Office . . . for evidence and information material to this matter." (Dkt. 45 at 1). Plaintiff seeks copies of all footage from every surveillance camera in the ECCF for the entire day of September 27, 2022; all camera footage from all body worn cameras activated on September 27, 2022; all unusual incident reports or investigation reports about Plaintiff from September 27, 2022, "along with any pictures taken;" and all medical files regarding Plaintiff in the possession of the Erie County Sheriff's Office. (*Id.* at 6). Plaintiff states that he has tried "[at] least 3 times with written FOIL request[s]" to obtain the requested materials from the Erie County Sheriff's Office. (*Id.* at 4).

To the extent that Plaintiff seeks to compel a response to his New York State Freedom of Information Law ("FOIL") requests, "federal courts lack jurisdiction to review FOIL claims." *Jackson v. Wilcox*, No. 1-23-CV-130-MAD-CFH, 2023 WL 2756489, at *5 (N.D.N.Y. Apr. 3, 2023), *adopted,* No. 1-23-CV-130-MAD-CFH, 2023 WL 4230351 (N.D.N.Y. June 28, 2023). The Court accordingly cannot afford Plaintiff any relief based on FOIL.

In certain circumstances, where the material requested pursuant to a FOIL request is discoverable under the Federal Rules of Civil Procedure, courts have found that FOIL requests may be the subject of a proper motion to compel. *See, e.g., Greenberg v. Bd. of Educ. of City of N.Y.*, 125 F.R.D. 361, 362 (E.D.N.Y. 1989). However, where the recipient of the FOIL request is not a party to the action, the Court lacks a mechanism to compel production. *See, e.g., Gambino v. Payne*, No. 12-CV-824A, 2015 WL 3505639, at *2 (W.D.N.Y. June 3, 2015) ("Since neither official named by plaintiff here nor the County itself nor its Legislature is a party in this action, this Court cannot compel them to answer plaintiff's FOIL requests in this action."). In this case, neither Erie County nor the Erie County Sheriff's Office is a party, and so the Court cannot compel them to respond to Plaintiff's FOIL requests.

That leaves Plaintiff's request for a subpoena. "Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for production of documents on a non-party." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 296 (E.D.N.Y. 2024). "Subpoenas served on non-parties are subject to the relevance and proportionality requirements of [Federal] Rule [of Civil Procedure] 26(b)(1)." *Id.*

Rule 45 "does not require a motion for issuing a subpoena," and Plaintiff must submit any written request for a subpoena to the Clerk of the Court. *Swinton v. Serdula*, No. 15-CV-47-RJA(F), 2025 WL 2783733, at *1 (W.D.N.Y. Sept. 30, 2025); *see* Fed. R. Civ. P. 45(a)(3). Plaintiff has not submitted such a request to the Clerk, and he also has not annexed a proposed subpoena to his motion papers. *See Pietsch v. Police Officer Vito Marcantonio*, No. 13-CV-4696(JS)(SIL), 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) ("Plaintiff's submission does not comply with Federal Rule of Civil Procedure 45. . . . Plaintiff has not requested that the Clerk issue a subpoena nor has he annexed the subpoenas to his applications. Thus, Plaintiff has not complied with Rule 45."). Plaintiff has thus not complied with the procedural requirements for issuance of a subpoena.

In addition, Plaintiff is proceeding *in forma pauperis* in this case, and there is case law holding that the Court may, in its discretion, screen subpoena requests made by indigent litigants. *See, e.g., Silver v. Hauser*, No. 21-CV-319-LJV-JJM, 2022 WL 4134240, at *9 (W.D.N.Y. Sept. 12, 2022); *Verhow v. Hess*, No. 13-CV-00012-JJM, 2014 WL 297342, at *1 (W.D.N.Y. Jan. 27, 2014). Here, Plaintiff has failed make a threshold showing that his requested subpoena complies with the relevance and proportionality requirements of Rule 26(b)(1). In particular, Plaintiff's papers indicate that he seeks copies of all footage from every surveillance camera in the ECCF for the entire day of September 27, 2022, as well as all camera footage from all body-worn cameras activated on September 27, 2022. (Dkt. 45 at 6). These are

extremely broad requests that, on their face, would seem to encompass large amounts of video footage with no relation to the claims underlying this lawsuit.

Consequently, the Court denies this motion without prejudice. If Plaintiff seeks to subpoena the Erie County Sheriff, he must submit to the Court a more narrowly tailored proposed subpoena, in compliance with Rules 26(b)(1) and 45.[1] Any such renewed request should be made within 21 days of entry of this Decision and Order.

## II. Plaintiff's Motion to Appoint Counsel

Parties have no right to appointed counsel in civil cases, unlike in a criminal matter. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case,

---

[1] While fact discovery has closed in this matter (*see* Dkt. 44), Plaintiff submitted his motion well in advance of the deadline (*See* Dkt. 45). Under these circumstances, and in light of Plaintiff's *pro se* status, the Court will consider a renewed request notwithstanding the expiration of the deadline.

courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

Plaintiff previously filed a motion for an appointment of counsel on January 5, 2024. (Dkt. 26). In an Order dated January 23, 2024, United States District Judge Frank P. Geraci, Jr. denied Plaintiff's motion without prejudice, noting that the issues in this case are not complex and explaining that Plaintiff could renew his motion after discovery commenced or Defendants filed a dispositive motion. (*See* Dkt. 27 at 3).

In his renewed motion for appointment of counsel, Plaintiff argues that the Court should appoint him counsel because discovery has now commenced, his second amended complaint has not been dismissed, he lacks legal knowledge, he suffers from

attention deficit hyperactivity disorder ("ADHD"), and he is incarcerated. (Dkt. 49 at 1, 5-6). Having carefully considered the matter, the Court finds that Plaintiff's motion fails to demonstrate the threshold requirement that his claims are likely to be of substance. The Court notes that there is no evidence in the record that the parties have successfully exchanged any discovery, save Defendants' initial disclosures. (*See* Dkt. 48). Under these circumstances, the Court lacks a basis to conclude that the threshold requirement for appointment of counsel has been satisfied. Plaintiff's motion for appointment of counsel is accordingly denied without prejudice to renewal at a subsequent stage of this litigation.

### III. Plaintiff's Motion to Produce

Finally, Plaintiff has filed a motion asking the Court to order that Defendants produce certain photographs and video footage taken on September 27, 2022. (Dkt. 50 at 1-2). The Court observes that the materials Plaintiff seeks are listed in Defendants' initial disclosures, which include "Erie County Sheriff's Office Jail Management Division Incident Report 22-509" ("Report 22-509"). (Dkt. 48 at 3). In Report 22-509, Sergeant Randy Ratajczak describes the aftermath of the September 27, 2022 incident, and reports that "Axon body worn cameras 9, 10, 13, and 16 were activated. 20 photos were uploaded to the V drive." (Dkt. 48 at 10). Plaintiff does not indicate that he made any efforts to obtain these documents from Defendants prior to filing this motion, nor does the docket reflect any such efforts.

In light of Plaintiff's *pro se* status, the Court construes this motion as a request for production of documents and/or electronically stored information ("ESI") from

Defendants pursuant to Federal Rule of Civil Procedure 34. The Court further notes that Plaintiff filed this request on December 22, 2025, before the deadline to complete fact discovery expired. (*See* Dkt. 44 at ¶ 4). **Defendants are ordered to respond to Plaintiff's request for production consistent with Rule 34(b)(2) within 30 days of entry of this Decision and Order.**

The Court notes that while fact discovery closed on December 30, 2025, it does not appear that parties have successfully completed that stage of this litigation. If the parties seek to extend the case management deadlines set forth in the Court's August 8, 2025 Scheduling Order (Dkt. 44), they should do so in accordance with Rule 16 and the undersigned's individual practices, which are available on the Court's website at https://www.nywd.uscourts.gov/content/hon-colleen-d-holland, and a copy of which will be mailed to Plaintiff with this Decision and Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a subpoena or to compel (Dkt. 45) and motion for appointed counsel (Dkt. 49) are denied without prejudice. Plaintiff's motion to produce (Dkt. 50) is resolved in that it is construed as a request for production under Rule 34, and Defendants are ordered to respond thereto within 30 days of entry of this Decision and Order.

SO ORDERED.

                                                                                                                  _____
                                                                                                                  COLLEEN D. HOLLAND
                                                                                                                  United States Magistrate Judge

Dated:  Rochester, New York
           March 4, 2026